BENJAMIN B. WAGNER
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760
Facsimile: (916) 554-2900
email: yoshinori.himel@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL R. JONES, | 2:11-cv-2799-MCE-CMK-PS |
|---|---|
| Plaintiff, | **DEFENDANTS' EX PARTE APPLICATION FOR INITIAL 30-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT; DECLARATION; PROPOSED ORDER** |
| v. | |
| OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, | |
| Defendant [sic]. | |

Defendants,[1] the U.S. Department of Labor ("DOL") and its Office of Workers' Compensation Programs ("OWCP"), request that the 30-day time for response asserted in the unserved summons be extended by 30 days because defendants need the longer period to respond in this action. The 30th day after receipt of the attempted process is January 30, 2012; the extension sought is to February 29, 2012. This ex parte application is needed because plaintiff has failed to respond to defense counsel's request for consent to the

---

[1] The complaint caption says OWCP, DOL is a single "Defendant." Complaint paragraph fragment 1 refers to OWCP as "Defendant" in the singular and says the action seeks to enjoin only OWCP. But complaint paragraph fragment 2 implies that DOL is another defendant when it says DOL is sued as OWCP's parent agency. In an abundance of caution, counsel interprets the complaint as attempting to sue both DOL (a proper defendant) and OWCP (not a proper defendant).

extension despite repeated attempts at communication with him through the only contact information he gives in his complaint, a P.O. box.  The details are in the accompanying counsel declaration.  No previous extension of this time has been requested or granted.  A suggested form of Order is included in the event this application is granted.

Dated:  January 20, 2012            BENJAMIN B. WAGNER
                                    United States Attorney

                            By:     /s/ YHimel
                                    YOSHINORI H. T. HIMEL
                                    Assistant U.S. Attorney

## COUNSEL DECLARATION

YOSHINORI H. T. HIMEL, pursuant to 28 U.S.C. 1746(2), declares as follows:

1. I am an Assistant United States Attorney and am assigned the captioned case.

2. Defendants request this continuance to be able to respond knowledgeably and appropriately, after producing over 1,000 pages of records responsive to plaintiff's request, to the many allegations in plaintiff's confusingly-written complaint.

3. The Order filed November 15, 2011 as Clerk's Record number ("CR") 4, at 2, characterizes plaintiff's allegations as falling under the Privacy Act.  For the Privacy Act and most other causes of action against the federal government, unlike the Freedom of Information Act, Fed. R. Civ. P. 12(a)(2) provides a 60-day period for response to the complaint.

4. A summons issued as CR 7 (but not served upon this office) states the response time as 30 days.

5. On December 29, 2011, my office received delivery of a copy of the 10-page Complaint (CR 1), an Order (CR 4), and an ECF notice for CR 4, with no summons.  In an abundance of caution, I calculated the earliest arguable response date as January 30, 2012.

6. Because plaintiff's complaint lacks a street address, fax number, email address, and even the telephone number required by Local Rule 131(a), I have only a P.O. box address to communicate with him.

7. By letter to plaintiff dated January 3, 2012 (copy attached as Exhibit A hereto), I requested contact information. The letter also pointed out the complaint's failure to supply the underlying administrative correspondence, requested a copy of that correspondence, and suggested that defendant might need more than 30 days to respond to the complaint.

8. I received no response to that letter.

9. By letter to plaintiff dated January 12, 2012 (copy attached as Exhibit B hereto), I again requested plaintiff's contact information, that time citing Local Rule 131(a), and requested his consent to an extension.

10. I have received no response to either letter. In particular, plaintiff has failed to supply adequate contact information, failed to provide the correspondence to assist in responding to the complaint, and failed to respond the request for consent to an extension.

11. I estimate that DOL and I will need an additional 30 days, until (by my calculation) February 29, 2012, to assemble and analyze the correspondence and the voluminous responsive and released records, and to discuss, prepare and finalize defendants' response to the complaint.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 20, 2012.

                                                 */s/ YHimel*
                                                 YOSHINORI H. T. HIMEL
                                                 Assistant United States Attorney

## ORDER

Good cause having been shown, the time for response to the complaint is EXTENDED for an inital period of 30 days, from January 30, 2012, until February 29, 2012.

It is SO ORDERED.

DATED: February 6, 2012

                                                 _____
                                                 **CRAIG M. KELLISON**
                                                 UNITED STATES MAGISTRATE JUDGE