1  BENJAMIN B. WAGNER
   United States Attorney
2  YOSHINORI H. T. HIMEL #66194
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone:  (916) 554-2760
   Facsimile:  (916) 554-2900
5  email:  yoshinori.himel@usdoj.gov

6  Attorneys for Defendants

7

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9               EASTERN DISTRICT OF CALIFORNIA

10

11  MICHAEL R. JONES,                      2:11-cv-2799-MCE-CMK-PS

12        Plaintiff,                       **DEFENDANTS' EX PARTE
                                           APPLICATION FOR INITIAL
13     v.                                  30-DAY EXTENSION OF TIME
                                           TO RESPOND TO COMPLAINT;
14  OFFICE OF WORKERS' COMPENSATION        DECLARATION; PROPOSED
    PROGRAMS, UNITED STATES                ORDER**
15  DEPARTMENT OF LABOR,

16        Defendant  [sic].

17

18        Defendants,[1] the U.S. Department of Labor ("DOL") and its Office of Workers'

19  Compensation Programs ("OWCP"), request that the 30-day time for response asserted in the

20  unserved summons be extended by 30 days because defendants need the longer period to

21  respond in this action.  The 30th day after receipt of the attempted process is January 30,

22  2012; the extension sought is to February 29, 2012.  This ex parte application is needed

23  because plaintiff has failed to respond to defense counsel's request for consent to the

24  _____

25      [1]The complaint caption says OWCP, DOL is a single "Defendant."  Complaint
    paragraph fragment 1 refers to OWCP as "Defendant" in the singular and says the action
26  seeks to enjoin only OWCP.  But complaint paragraph fragment 2 implies that DOL is another
    defendant when it says DOL is sued as OWCP's parent agency.  In an abundance of caution,
27  counsel interprets the complaint as attempting to sue both DOL (a proper defendant) and
28  OWCP (not a proper defendant).

1  extension despite repeated attempts at communication with him through the only contact

2  information he gives in his complaint, a P.O. box.  The details are in the accompanying

3  counsel declaration.  No previous extension of this time has been requested or granted.  A

4  suggested form of Order is included in the event this application is granted.

5

6  Dated:  January 20, 2012                    BENJAMIN B. WAGNER
                                            United States Attorney

7                                    By:    /s/ YHimel
                                            YOSHINORI H. T. HIMEL
8                                           Assistant U.S. Attorney

9

10                          COUNSEL DECLARATION

11      YOSHINORI H. T. HIMEL, pursuant to 28 U.S.C. 1746(2), declares as follows:

12      1.  I am an Assistant United States Attorney and am assigned the captioned case.

13      2.   Defendants request this continuance to be able to respond knowledgeably and

14  appropriately, after producing over 1,000 pages of records responsive to plaintiff's request, to

15  the many allegations in plaintiff's confusingly-written complaint.

16      3.  The Order filed November 15, 2011 as Clerk's Record number ("CR") 4, at 2,

17  characterizes plaintiff's allegations as falling under the Privacy Act.  For the Privacy Act and

18  most other causes of action against the federal government, unlike the Freedom of

19  Information Act, Fed. R. Civ. P. 12(a)(2) provides a 60-day period for response to the

20  complaint.

21      4.  A summons issued as CR 7 (but  not served upon this office) states the response

22  time as 30 days.

23      5.  On December 29, 2011, my office received delivery of a copy of the 10-page

24  Complaint (CR 1), an Order (CR 4), and an ECF notice for CR 4, with no summons.  In an

25  abundance of caution, I calculated the earliest arguable response date as January 30, 2012.

26      6.  Because plaintiff's complaint lacks a street address, fax number, email address, and

27  even the telephone number required by Local Rule 131(a), I have only a P.O. box address to

28  communicate with him.

7.  By letter to plaintiff dated January 3, 2012 (copy attached as Exhibit A hereto), I requested contact information.  The letter also pointed out the complaint's failure to supply the underlying administrative correspondence, requested a copy of that correspondence, and suggested that defendant might need more than 30 days to respond to the complaint.

8.  I received no response to that letter.

9.  By letter to plaintiff dated January 12, 2012 (copy attached as Exhibit B hereto), I again requested plaintiff's contact information, that time citing Local Rule 131(a), and requested his consent to an extension.

10.  I have received no response to either letter.  In particular, plaintiff has failed to supply adequate contact information, failed to provide the correspondence to assist in responding to the complaint, and failed to respond the request for consent to an extension.

11.  I estimate that DOL and I will need an additional 30 days, until (by my calculation) February 29, 2012, to assemble and analyze the correspondence and the voluminous responsive and released records, and to discuss, prepare and finalize defendants' response to the complaint.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 20, 2012.

                                                    */s/ YHimel*
                                                    YOSHINORI H. T. HIMEL
                                                    Assistant United States Attorney

ORDER

Good cause having been shown, the time for response to the complaint is EXTENDED for an inital period of 30 days, from January 30, 2012, until February 29, 2012.

It is SO ORDERED.

DATED:  February 6, 2012

                                                    _____
                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE