1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL R. JONES,                    No. 2:11-CV-2799-MCE-CMK

12              Plaintiff,

13        vs.                             FINDINGS AND RECOMMENDATIONS

14   OFFICE OF WORKERS' COMP.
     PROGRAMS,
15
                Defendant.
16   _____/

17              Plaintiff, who is proceeding pro se, brings this civil action pursuant to 5 U.S.C.

18   § 522a(g)(1) to remedy alleged violations of the Privacy Act of 1974.  Pending before the court is

19   defendant's motion to dismiss (Docs. 32 and 35).  Also before the court is plaintiff's motion for

20   discovery (Doc. 31).  The parties appeared for a hearing on August 29, 2012, at 10:00 a.m. before

21   the undersigned in Redding, California.  Plaintiff appeared pro se.  Yoshinori Himel, Esq.,

22   appeared for defendant.

23   / / /

24   / / /

25   / / /

26   / / /

1

# I.  PLAINTIFF'S ALLEGATIONS

Plaintiff claims that he was injured on July 15, 1993, while working for the Forrest Service as a Fire Engine Operator ("FEO") and that he initiated a workers' compensation claim.  According to plaintiff, he was in line for a step increase in pay in 1994 from a GS 6, Step 8, to a Step 9.  He also states that in 1997 the FEO position was upgraded to a GS 7.  Plaintiff alleges that in June 2003 the Forrest Service "and agency" "contrived a plan to coerce Plaintiff into accepting a series 1001 GS 5 Information Assistant (IA) position at a GS 6 step 10 pay rate, which they falsely claimed was equivalent to what I would have received if Plaintiff had remained in the FEO position."  Plaintiff states that he began working as an IA in April 2004 and that, at this time, he would have been paid at a GS 7, Step 10, pay rate had he remained in the FEO position.  Plaintiff also claims that, "[j]ust prior to, and since, occupying the IA position in 2004," he learned of "adverse actions and decisions" against him including the reduction of salary and removal of locality pay adjustments.

Next, plaintiff states that he filed "numerous" requests for reconsideration and appeals, but that defendants failed to provide plaintiff with "legitimate justification, documentation, information, formulas, and/or other evidence" supporting their decisions.  According to plaintiff, the decisions made in his case were made by ignoring information and evidence he provided, and by "contriving and/or materially misrepresenting the facts. . . ."  Plaintiff further alleges that in response to adverse decisions, he submitted a "FOIA/Privacy Act request" on May 20, 2010, to "compel the agency to provide copies of his case file records and in an effort to know what information the agency is relying on and basing their decisions."  Plaintiff states that "the agency was non-compliant" to his request.   Plaintiff states that he then submitted another "FOIA/Privacy Act request" on June 2, 2010, and another on June 15, 2010.

/ / /

/ / /

/ / /

Plaintiff claims that he received a response on June 17, 2010, which was inadequate because it consisted of "a jumbled, two-sided, distorted, unorganized, incomplete, and non-indexed mess of documents bound by a rubber band."  According to plaintiff, some documents appeared altered and other documents seemed to be missing.  Dissatisfied, plaintiff filed a "FOIA/PA appeal via email" on September 15, 2010.  In response, plaintiff was sent a decision letter on June 30, 2011, remanding plaintiff's case to the agency for further consideration.  Plaintiff states this decision was non-responsive to plaintiff's request for records.

According to plaintiff, defendants' refusal to comply with his requests for records has prevented him from pursing his agency appeal remedies.  He also alleges: "Defendants' actions are preventing Plaintiff from receiving proper compensation benefits under their programs."

For relief, plaintiff seeks:

1.      Declarations that defendants violated the FOIA and Privacy Act.

2.      An order directing defendants to provide plaintiff's records.

3.      An order directing defendants to allow plaintiff to amend his case file.

4.      Damages under 5 U.S.C. § 552a(g)(4)(A).

5.      An order to expunge all inaccurate information from plaintiff's file.

6.      Damages for "compensation and/or benefits being withheld or denied."

7.      Damages for "back compensation benefits."

8.      An order directing defendants to "retroactively cease and reverse its termination of any compensation benefits the Plaintiff would otherwise be receiving."

/ / /

/ / /

/ / /

/ / /

/ / /

## II.  STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Id.</u> at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

In its motion to dismiss, defendant argues: (1) plaintiff's request for access to his case file is moot because the file has already been given to him; (2) plaintiff's claim for injunctive relief to amend his case file is unexhausted; (3) plaintiff's collateral attack on the underlying workers' compensation decision in his case is not subject to judicial review; and (4) plaintiff's request for damages under 5 U.S.C. § 552a(g)(4)(A) fails to state a cognizable claim for relief.

### A.    Mootness (Access Claim)

Plaintiff's primary claim is for access to his file.  As established by declarations attached to defendants' motion plaintiff was provided his case file on four separate occasions, the last of which happening in open court at the last hearing.  Plaintiff's access claim is, therefore, moot.  See Carter v. VA, 780 F.2d 1479 (9th Cir. 1986).

### B.    Exhaustion (Amendment Claim)

Plaintiff seeks an order allowing amendment of his case file.  According to defendant, this claim is barred because plaintiff failed to comply with the Privacy Act's exhaustion requirements.   See Hewitt v. Grabicki, 794 F.2d 1373 (9th Cir. 1986).   This argument is persuasive.  While plaintiff states in the complaint that he filed appeals and requests for reconsideration regarding his benefits, and while he alleges that he filed an access request, he does not allege that he ever asked the appropriate agency to amend his case file.  As to exhaustion, plaintiff simply states that he has exhausted administrative remedies.  This, however, is conclusory without accompanying factual allegations as to how he accomplished this (i.e., what amendment requests were filed, when, and with what agency).

The question becomes whether to permit plaintiff an opportunity to amend the complaint to include more precise factual allegations as to exhaustion.  Based on plaintiff's statements at the hearing, the court finds that amendment would be futile.  When asked what steps plaintiff took to exhaust his claim, plaintiff referred to an October 11, 2011, letter he wrote requesting all of his records by October 17, 2011, and threatening to sue if complete records were not received.  Plaintiff informed the court quite directly that he believes this letter exhausted his claim at the agency level.  This, however, clearly fails to establish that plaintiff ever initiated any formal administrative action to amend his case files or that if he did, he sought administrative review of the a denial of his amendment claim.  Plaintiff's reliance on his October 11, 2011, letter as evidence of exhaustion is misplaced.

### C.    Collateral Challenge to Agency Decision

Defendant argues that plaintiff's claims collaterally challenging the workers' compensation decisions in his case are barred from judicial review under the exclusivity provisions of the Federal Employees' Compensation Act ("FECA").  Under FECA, the United States must compensate federal workers who are disabled from an injury sustained while performing their official duties.  See 5 U.S.C. § 8102(a).  FECA's remedies for on-the-job-

injuries are exclusive of all other remedies against the United States.  See 5 U.S.C. § 8116(c).

Moreover, any remedies available under FECA are strictly administrative and any action for

judicial review concerning questions of law or fact are barred.  See 5 U.S.C. § 8128(b); see also

Southwest Marine, Inc. v. Gisoni, 502 U.S. 81, 90 (1991).  As defendant notes, section 8128(b) is

a "strongly-worded door-closing provision."  Jackson v. U.S. Dep't of Labor, 2008 WL 539925

at *4 (E.D. Cal. 2008).  Given this statutory scheme, it is clear that plaintiff's claims relating to

compensation, back pay, and the like are barred from judicial review.  Plaintiff's remedies

relating to his workers' compensation claim, if any remain, lie with the appropriate agency.

### D.   Damages Under § 552a(g)(4)(A)

Under 5 U.S.C. § 552a(g)(4)(A), the United States' sovereign immunity is waived

for suits brought under § 552a(g)(1)(C) or (D).  Under § 552a(g)(1)(C), the United States may be

liable if it "fails to maintain any record concerning any individual with . . . accuracy, relevance,

timeliness, and completeness."  As discussed above, any claim regarding amendment to correct

defects in the record is unexhausted.

Under § 552a(g)(1)(D), which is a catch-all provision, the United States may be

liable if: (1) there is a Privacy Act violation other than one related to access, amendment, or

record defects; (2) the violation has an adverse effect on the individual; (3) the violation was

intentional or willful; and (4) the violation caused actual damages.  As defendant notes, the

complaint's allegations relative to any catch-all claim are threadbare, formulaic, and conclusory

recitals of the elements and do not relate actual facts.  Such allegations are insufficient to state a

plausible claim for relief.  While defendant seeks a judgment on the pleadings and a dismissal

without leave to amend, it is possible, however unlikely, that plaintiff may be able to allege

actual facts to show a catch-all violation.  In light of this possibility, plaintiff should be given

leave to amend as to this claim only.

/ / /

/ / /

7

# IV.  CONCLUSION

There was apparent frustration on the part of plaintiff concerning the result in this case.  According to plaintiff, the court is perpetuating alleged wrongs committed by defendant by preventing him from obtaining access to his complete file in order to pursue his claims for workers' compensation benefits.  The court attempted to explain the interconnected nature of plaintiff's various claim, the jurisdictional rules, and application of those rules in his case.  For example, when asked what plaintiff's ultimate goal was, he responded that it was to get access to his unaltered entire case record.  The court explained that, as to access, his claim is moot because he has been given everything he demanded, as confirmed by defense counsel's numerous statements, both in writing and in court, to this effect.  Plaintiff then complained that he could not know if the record he received was complete.  The court then explained that, as soon as plaintiff complains about the completeness of the record, he is making an amendment claim which the court cannot consider because plaintiff failed to take the necessary steps to exhaust his claim at the agency level.  Finally, the court asked plaintiff what he planned to do with a complete case record to which plaintiff responded that he would then be able to show that he was denied benefits to which he was entitled.  The court explained that, as soon as plaintiff refers to benefits wrongly denied, he is collaterally challenging the underlying agency decisions and such a challenge cannot be heard in federal court.  While plaintiff may feel that the court's decision in this case closes doors for him, it appears that, in fact, he has received all he can get from this lawsuit – a copy of his entire agency record.

Based on the foregoing, the undersigned recommends that:

1.        Defendant's motion to dismiss (Docs. 32 and 35) be granted;

2.        Plaintiff's access claim be dismissed with prejudice as moot;

3.        Plaintiff's amendment claim be dismissed without prejudice and without leave to amend as unexhausted;

/ / /

8

1               4.      Plaintiff's claim for benefits be dismissed with prejudice as an

2  impermissible collateral challenge to the underlying agency decisions;

3               5.      Plaintiff's catch-all damages claim be dismissed with leave to amend; and

4               6.      Plaintiff's motion for discovery (Doc. 31) be denied without prejudice to

5  renewal, at the earliest, following filing of an amended complaint.

6               These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court.  Responses to objections shall be filed within 14 days after service of

10  objections.  Failure to file objections within the specified time may waive the right to appeal.

11  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13  DATED:  October 19, 2012

14

15                                       **CRAIG M. KELLISON**<br>                                        UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26