UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. JONES, | No.  2:11-cv-02799-MCE-CMK |
| Plaintiff, | |
| v. | **ORDER** |
| OFFICE OF WORKERS' COMPENSATION PROGRAMS, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brought this civil action pursuant to 5 U.S.C.§ 522a(g)(1) to remedy alleged violations of the Privacy Act of 1974.  On October 26, 2012, the assigned magistrate judge issued his Findings and Recommendations ("F&R") and recommended dismissing Plaintiff's complaint in its entirety but granting Plaintiff leave to amend on the "catch-all damages" claim only.  (ECF No. 44.)  On February 26, 2013, this Court adopted the F&R in full, dismissed the complaint, and allowed Plaintiff to file an amended pleading stating a viable "catch-all damages" claim within thirty days.  (ECF No. 56.)  In response, Plaintiff filed a document on March 25, 2013, indicating that he would not be filing an amended complaint and, instead, stands on the original complaint, which the Court had dismissed with leave to amend as to the "catch-all damages" claim.  (ECF No. 58.)

///

Given Plaintiff's March 25, 2013, response, the Court dismissed the remaining "catch-all damages" claim without leave to amend on May 13, 2013, and entered judgment for Defendant.  (ECF Nos. 59-60.)  Presently before the Court is a Motion for a "New" Trial, filed by Plaintiff on May 24, 2013.[1]  (ECF No. 62.)  In his Motion, Plaintiff contends that the Judgment and Order dismissing this case with prejudice, issued by the Court on May 13, 2013, "should be set aside because they are prejudice, not based on fact(s), and are clearly erroneous."  (ECF No. 62 at 2.)

A district court may reconsider its ruling under either Federal Rule of Civil Procedure[2] 59(e) or 60(b).  See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993).  A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment.  See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir.2001) (applying Rule 59(e)'s previous ten day filing deadline).  Here, Plaintiff moved for reconsideration within the twenty-eight day period prescribed by Rule 59(e).  Accordingly, the Court will treat Plaintiff's motion as a Rule 59(e) motion to alter or amend a judgment.

Generally, a court may grant a Rule 59(e) motion: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  However, relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly."  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir.2011).

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. R. 230(g).

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless noted otherwise.

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).

After careful consideration of the arguments raised in Plaintiff's instant motion, the Court finds that Plaintiff has failed to provide any grounds upon which the Court could reconsider its order. Plaintiff alleges no newly discovered evidence, no intervening changes in controlling law, and points to no specific errors of law or fact on which the judgment rests. Instead, Plaintiff vaguely asserts, among other things, that he was subjected to an "effort, between the respective Judges and the Defendants' [sic] to unjustly dismiss . . . without allowing plaintiff a legitimate trial, without being able to conduct discovery, and without due process." (ECF No. 62 at 3.) According to Plaintiff, the Court "has not provided any valid argument, evidence, or facts to support its Order or Judgment," and "has ignored every bit of factual evidence Plaintiff has presented in this case." (ECF No. 62 at 4-5.) Thus, it appears that Plaintiff is dissatisfied with the Court's ruling in general and attempts to relitigate his claims by bringing the instant motion to reconsider. In light of the Ninth Circuit's mandate that Rule 59(e) "should be used sparingly," see Allstate Ins. Co., 634 F.3d at 1111, Plaintiff's general assertions of injustice are grossly insufficient to entitle him to the requested relief. Accordingly, Plaintiff's motion for reconsideration (ECF No. 62) is DENIED.

IT IS SO ORDERED.

Dated:  July 29, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT