UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. JONES, | No. 2:11-cv-02799-MCE-CMK |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| OFFICE OF WORKERS' COMPENSATION PROGRAMS, | |
| Defendant. | |

On October 24, 2011, Plaintiff Michael R. Jones ("Plaintiff"), proceeding pro se, brought this civil action pursuant to 5 U.S.C. § 522a(g)(1) to remedy alleged violations of the Privacy Act of 1974.  Compl., ECF No. 1.  On February 26, 2013, the Court dismissed Plaintiff's Complaint in its entirely but granted Plaintiff leave to amend on his "catch-all damages" claim only.  Order, ECF No. 56.  On May 13, 2013, the Court dismissed Plaintiff's remaining catch-all damages claim with prejudice.  Order, ECF No. 59; see ECF No. 58.  Plaintiff then moved for reconsideration, which was denied.  ECF Nos. 62, 73.  On August 15, 2013, Plaintiff filed Objections.  ECF No. 75.

///

///

///

Presently before the Court is the question whether, for the purposes of calculating Plaintiff's appellate deadlines under the Federal Rule of Appellate Procedure 4(a)(4), those Objections qualify as a "motion."[1]  See ECF No. 80.

## BACKGROUND

On May 13, 2014, this Court entered Judgment in this matter on behalf of Defendant.  ECF No. 60.  On May 24, 2013, Plaintiff filed a Motion for a New Trial.  ECF No. 62.  After considering the merits of Plaintiff's motion, the Court found that Plaintiff failed to provide any grounds upon which the Court could reconsider its order, and accordingly denied Plaintiff's motion.  ECF No. 73.[2]  On August 15, 2013, Plaintiff filed Objections to the Court's Order in which he stated that his unsuccessful motion "for a new trial was not a motion for reconsideration, but a motion for a real and initial Trial/Hearing in this case."  ECF No. 75.  Plaintiff explained that he "did not bring the motion for a [trial] to have the case relitigated, but to have the case properly litigated by [trial] in the first place."  Id.  Although Plaintiff set forth no new law, facts or argument in his Objections, he again requested that the Court grant him a "trial, the right to amend, reopen the case, and reverse/set aside the Order dated July 29, 2013."  ECF No. 75 at 4.  Because Plaintiff did not notice his Objections as a motion, the Court took no further action.  See E.D. Cal. Local R. 230(b).[3]

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Appellate Procedure unless otherwise noted.

[2] Because Plaintiff moved for reconsideration within the twenty-eight day period prescribed by Rule 59(e), the Court treated Plaintiff's motion as a Rule 59(e) motion to alter or amend a judgment.  See ECF No. 73.

[3] Under the Local Rules, "all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge."  E.D. Cal. Local R. 230(b).  Defectively noticed motions "shall be filed, but not set for hearing.  Id.  "[T]he moving party shall file and serve a new notice of motion setting forth a proper time and date."  Id.  Plaintiff did not label his Objections as a motion as he had done with prior motions for reconsideration.  Compare ECF No. 75 with ECF No. 62.  Nor did Plaintiff notice his Objections as a motion under the local rules.

1   On October 2, 2013, Plaintiff filed a Notice of Appeal with the Ninth Circuit Court
2   of Appeals. ECF No. 76. In response, Ninth Circuit noted that Plaintiff's August 15,
3   2013, Objections could be construed as a timely-filed motion making Plaintiff's
4   October 2, 2013, Notice of Appeal ineffective until the entry of the order disposing of the
5   last such motion outstanding on this Court's docket. See ECF No. 80; Fed. R. App. P.
6   4(a)(4). As a result, the Ninth Circuit ordered that proceedings before it would be held in
7   abeyance pending this Court's ruling as to whether Plaintiff's August 15, 2013, filing is a
8   "motion" as contemplated by Rule 4(a)(4) and, if so, how that motion is resolved. See
9   ECF No. 80.

## ANALSYIS

Although Plaintiff's August 15, 2013, Objections filing is "not a model of clarity," the Objections at issue "can be read to indicate that [Plaintiff] was seeking reconsideration of [this] [C]ourt's order." United States v. Cook, 599 F.3d 1208, 1212-13 (10th Cir. 2010). Therefore, the Court will construe Plaintiff's Objections as a second, successive motion for reconsideration, albeit improperly noticed and mislabeled, for the purposes of responding to the Ninth Circuit Order, ECF No. 80. Because Plaintiff's August 15, 2013, filing seeks reconsideration of a final judgment and was filed more than twenty-eight days after the entry of judgment, the Court construes Plaintiff's Objections as an attempt to seek review pursuant to Rule 60(b).[4] See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

///
///

---

[4] It is irrelevant that Plaintiff's Objections are largely directed at the Court's July 30, 2013, Order denying reconsideration rather than the Court's May 13, 2013, Order dismissing his Complaint. Plaintiff's Objections filing is predicated on the same argument and facts as his initial motion for reconsideration and is therefore a second, successive motion for reconsideration of the Court's May 13, 2013, Order and accompanying Judgment. In fact, were the Court to grant Plaintiff's request, it would require that the Court reconsider and vacate its May 13, 2013, Order. See, e.g., ECF No. 75 at 4 (asking the Court to reopen the case).

Defendant contends that, regardless, this Court still need not address Plaintiff's Objections because, even if construed as a motion, it was untimely under Rule 4(a)(4)(A) which states, in relevant part, that:

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A). Defendant thus argues that because the judgment in this case "was entered on May 13, 2013, and the Objection was filed 94 days later, on August 15, 2013 . . . the Objection as a reconsideration motion fails the threshold timeliness requirement." ECF No. 81 at 2. According to Defendant, then, "this Court need reach only the Rule 4 threshold issue and need not resolve the Objection itself." Id.

Defendant's argument is well taken. Although Plaintiff's August 15, 2013 filing challenges the Court's July 30, 2013, Order denying Plaintiff's initial motion for reconsideration, FRAP 4(a)(4) states that to be timely, motions for relief under Rule 60 must be filed "no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A) (emphasis added). Thus, the rule does not appear to contemplate or account for serial motions for reconsideration. Judgment was entered in this matter on May 13, 2013. See ECF No. 60. Therefore, the Court finds that, even construed as a motion for relief, Plaintiff's August 15, 2013 Objections filing is not a motion listed in Rule 4(a)(4) because it was filed more than twenty-eight days after judgment was entered in this case.

Finally, even if Plaintiff's Objections filing is construed as a motion, it fails on additional procedural and substantive grounds. As explained above, Plaintiff failed to properly notice his filing in violation of Local Rule 230(b). In addition, and most importantly, Plaintiff's purported motion fails because his Objections simply reiterate the same argument and facts already presented by Plaintiff to this Court. See Maraziti v.

4

Thorpe, 52 F.3d 252, 255 (9th Cir. 1995); Pritchett v. McEwen, 1:10-CV-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011); E.D. Cal. Local Rules 230(j). Moreover, mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, is not grounds for relief under Rule 60(b). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). To the extent that Plaintiff's Objections filing, ECF No. 75, may be construed as a motion, it is thus DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's August 15, 2013 filing, ECF No. 75, is not a motion listed in Federal Rule of Appellate Procedure 4(a)(4). The Clerk of the Court is ORDERED to transmit a copy of this Order to the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit for filing on the docket of Case No. 13-17088.

IT IS SO ORDERED.

Dated: June 30, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT