UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. JONES,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>OFFICE OF WORKERS'<br>COMPENSATION PROGRAMS,<br><br>　　　　　Defendant. | No. 2:11-cv-02799-MCE-CMK<br><br>**ORDER** |

　　　　On October 24, 2011, Plaintiff Michael R. Jones ("Plaintiff"), proceeding pro se, brought this civil action pursuant to 5 U.S.C. § 522a(g)(1) to remedy alleged violations of the Privacy Act of 1974. Compl., ECF No. 1. Specifically, Plaintiff sought "to enjoin the Office of Workers' Compensation Programs . . . from continuing to improperly withhold Federal Workers' Compensation records" and other agency records. ECF No. 62 at 2. On February 26, 2013, the Court dismissed Plaintiff's Complaint in its entirely but granted Plaintiff leave to amend on his "catch-all damages" claim only. Order, ECF No. 56. On May 13, 2013, the remaining catch-all damages claim was dismissed with prejudice. Order, ECF No. 59. Plaintiff then moved for reconsideration, which was denied. ECF Nos. 62, 73; <u>see also</u> ECF No. 83.

　　　　Plaintiff filed a Notice of Appeal on October 2, 2013. ECF No. 76. On July 2, 2014, the United States Court of Appeals for the Ninth Circuit referred the matter back to

this Court for the limited purpose of determining whether Plaintiff's in forma pauperis status should continue on appeal or whether that status should be revoked because the appeal is frivolous or taken in bad faith. ECF No. 84; see 28 U.S.C. § 1915(a)(3).

Plaintiff primarily objects to this Court's orders dismissing his Complaint on the grounds that he was not given a "Trial or Hearing in this case, only status conferences." ECF No. 62 at 1; see also ECF No. 75. Plaintiff's contention is not supported by the record or the law. First, with respect to Defendant's successful Amended Motion to Dismiss, a review of the docket shows that Magistrate Judge Craig M. Kellison held a hearing on August 29, 2012, and the record reflects that Plaintiff was present. ECF Nos. 42, 44 at 1. The Court subsequently adopted Judge Kellison's findings and recommendations upon a review of the record. ECF No. 56. Second, with respect to this Court's order denying Plaintiff's motion for reconsideration, Plaintiff cites no authority to support his contention that because the Court did not hold oral argument, an improper decision was rendered. The Court submitted Plaintiff's motion for reconsideration without oral argument pursuant to Local Rule 230(g). See ECF Nos. 71, 73 at 2 n.1. "Such a local rule is contemplated by [Federal Rule of Civil Procedure] 78." Morrow v. Topping, 437 F.2d 1155, 1156 (9th Cir. 1971); see Fed. R. Civ. P. 78(b). "Failure to have oral argument before acting upon [Plaintiff's Motion for Reconsideration] was therefore in full accordance with established procedure." Morrow, 437 F.2d at 1156; see, e.g., Olson v. Salomon Smith Barney, Inc., 137 F. App'x 972 (9th Cir. 2005) (explaining that the "district court was not required to give [the plaintiff] an oral hearing before denying his motion").[1]

---

[1] Plaintiff also states that he "was expecting to have a motion hearing to present further argument and evidence to support [his] case for a 'New' Trial." ECF No. 74 at 1. To the extent that Plaintiff sought to present "new" evidence at a hearing that he did not include within his Motion for Reconsideration, Plaintiff fails to understand the purpose for oral argument. Cf. Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc., 926 F.2d 865, 869 (9th Cir. 1991) (explaining that "[a]rgument . . . serves only to elucidate the legal principles and their application to the facts at hand; it cannot create [a] factual predicate"); E.D. Cal. Local R. 230(j) (requiring that motions for reconsideration set forth "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion"). Moreover, Plaintiff had notice of Defendant's opposition and an opportunity to respond. See Bach v. Teton Cnty., Idaho, 207 F. App'x 766, 769 (9th Cir. 2006).

1    Finally, to the extent that Plaintiff's appeal focuses on the underlying merits of his
2    Complaint, his appeal is not taken in good faith because he fails to present an "arguable
3    basis in fact or law" to support his position.  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th
4    Cir. 1990).  Plaintiff's "ultimate goal" in filing this action "was to get access to his
5    unaltered entire case record."  ECF No. 44 at 8.  Plaintiff "has received all he can get
6    from this lawsuit – a copy of his entire agency record."  Id.  As such, Plaintiff's appeal is
7    not taken in good faith.

## CONCLUSION

For the reasons set forth above, Plaintiff's in forma pauperis status is REVOKED. The Clerk of the Court is ordered to TRANSMIT a copy of this Order to the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit for filing on the docket of Case No. 13-17088.

IT IS SO ORDERED.

Dated:  July 11, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT